UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RENEE SPENCER,

                Plaintiff

        v.                                                      Civil No. 1:05-CV-0073
                                                                 (GLS/RFT)

COUNTY OF ULSTER, et al.,

                Defendants.

---

RANDOLPH F. TREECE
United States Magistrate Judge

# ORDER

E-MAIL ADDRESS:

     In reviewing the Docket Report for this case, the Court noticed that one of the attorneys for the respective parties, Michael E. Catalinotto, Jr., is not listed to receive e-mail (electronic) notices from either the Clerk of the Court or the Court itself as such notice(s) and/or orders may pertain to the case. Inasmuch as the Northern District of New York has implemented electronic filing, which also has features that permit the Court to send to the parties of a particular litigation electronic notices and orders, without listed e-mail addresses by the parties the Court is stymied in employing such features. The inability to employ such electronic features interferes with judicial economy.

     Therefore it is the Order of this Court that the attorneys of record in this case shall file with the Clerk of the Court, if they have not already, their

respective e-mail address and activate such e-mail so that they may receive electronic text notices and orders from the Clerk of the Court and the Court itself.

NOTICE OF APPEARANCE:

By a letter, dated April 19, 2005, Michael E. Catalinotto, Jr., intimates that, at this stage of litigation, he is the attorney of record for all Defendants, which representation is confirmed by the service and filing of the Defendants' Answer.  *See* Dkt. No. 8, Ans.  However, Mr. Catalinotto's appearance for the Defendants is not noted on the Docket Report.  Therefore, it is Ordered that Michael E. Catalinotto, Jr., serve and file a Notice of Appearance for all Defendants forthwith, no later than five days from the receipt of this Order.

CASE MANAGEMENT PLAN AND RULE 16 CONFERENCE:

General Order #25 was issued to the parties.  This General Order establishes, *inter alia*, a Rule 16 Conference for May 18, 2005, at 11:30 a.m. *See* Dkt. No. 2.  Generally, it is expected that the parties appear in person at this Conference, however, in certain circumstances, this Court will permit the parties to participate in that Conference telephonically.

By a letter, dated April 19, 2005, Attorney Catalinotto asks this Court for permission to participate in the Rule 16 Conference by telephone.  The request is granted, and, further, such permission is extended to Plaintiff's counsel as well.

If either party wishes to participate in the Conference by telephone, they are required to advise Chambers in writing, no later than May 6, 2005, whether they will be appearing in person or participating by telephone, and if they are participating by telephone, the telephone number where they can be reached.[1] The Court will initiate any Conference Call.

In terms of the Case Management Plan, General Order notwithstanding, the Case Management Plan shall be filed with the Clerk of the Court on or before May 6, 2005. Failure to meet and confer as directed by FED. R. CIV. P. 26(f) and the Local Rules and failure to submit a joint case management plan on or before May 6, 2005, WILL SUBJECT THE PARTIES TO SANCTIONS. All other provisions of General Order #25 shall remain in effect.

SO ORDERED.

Albany, New York
April 21, 2005

_____
RANDOLPH F. TREECE
United States Magistrate Judge

---

[1] If by chance there is a change in the telephone number to be used for the Rule 16 Conference, it is the obligation of the party to keep Chambers apprised of the new number.